# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| UNITED STATES OF AMERICA and STATE OF FLORIDA *ex rel.* OMNI HEALTHCARE, INC.<br><br>Plaintiffs,<br><br>v.<br><br>STEWARD HEALTH CARE SYSTEM LLC; STEWARD HEALTH CARE HOLDINGS LLC; STEWARD HEALTH CARE INVESTORS, LLC; CERBERUS CAPITAL MANAGEMENT, L.P.; STEWARD PHYSICIAN CONTRACTING, INC; STEWARD MELBOURNE HOSPITAL, INC d/b/a MELBOURNE REGIONAL MEDICAL CENTER; STEWARD ROCKLEDGE HOSPITAL, INC. d/b/a ROCKLEDGE REGIONAL MEDICAL CENTER; RALPH DE LA TORRE; MICHAEL CALLUM; DANIEL KNELL; JOSH PUTTER; TIM CROWLEY AND JAMES RENNA,<br><br>Defendants. | Case No. 3:21-cv-0870-S |

**MEMORANDUM OF LAW SUPPORTING THE MOTION TO DISMISS BY
<u>DEFENDANTS JOSH PUTTER, TIM CROWLEY, AND DANIEL KNELL</u>**

Pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b), Defendants Tim Crowley, Josh Putter, and Daniel Knell (collectively "Movants") hereby submit this memorandum in support of their motion to dismiss all claims asserted against them by Plaintiff Omni Healthcare, Inc. ("Relator"). Relator's claims fail to meet the requirements for stating a claim and pleading its state and federal False Claims Act ("FCA") claims with the necessary specificity.  Specifically, the complaint:

- contains fatal deficiencies, even when considered under the more lenient Rule 12(b)(6), as highlighted in the Steward Defendants' submissions (*see* ECF Nos. 59, 60); and

- fails to sufficiently demonstrate that the Movants personally engaged in a materially fraudulent act with the required intent, resulting in government disbursements or forfeitures.

Relator's conclusory and speculative allegations necessitate the dismissal of all claims asserted against the Movants.  To avoid redundancy with the arguments presented in the Steward Defendants' memorandum, Movants adopt the Background and Argument sections of their memorandum (ECF No. 60) as if fully set forth here.

## BACKGROUND

Relator, a physician group in the Space Coast area of Florida, filed this action against its competitor, Steward Health Care System LLC ("Steward"), under the False Claims Act ("FCA") and the Florida FCA on behalf of the United States and the State of Florida.  Relator's central claim is that all defendants violated the Anti-Kickback Statute ("AKS") in connection with Steward's investment in First Choice Health Care Solutions ("First Choice"), as well as the Stark Law, which prohibits self-referrals by physicians.

Within the overarching scheme outlined in the complaint, specific allegations against Putter, Crowley, and Knell, who were employees of Steward, are limited to the following:

- **Tim Crowley** ("Crowley") participated in various discussions related to operating room issues affecting First Choice physicians, clinical concerns at the three Space Coast hospitals, "structural changes," the addition of new physicians to the network, and

1

realignment of surgeries, all with the purported, albeit "unwritten," goal of profiting from unlawful referrals. Compl. ¶¶ 51-53, 56, 64, 68-69.

- **Josh Putter** ("Putter") was privy to conversations regarding realignment and strategic decisions aimed at benefiting the partnership, as well as participating in numerous conversations covering topics such as hiring physicians to address gaps, receiving information on surgery allocations, and tracking surgeries to project future locations. Compl. ¶¶ 68, 91-92, 98-101.

- **Daniel Knell** ("Knell") took part in a discussion where participants used coded language to discuss the purported illegal referral scheme, and he was included in conversations with physicians that Steward sought to recruit. Compl. ¶¶ 115-17, 140.

Importantly, the complaint clarifies that Relator and its principal had no prior relationship with the Movants, and Relator lacks firsthand knowledge of Movants' involvement in the alleged scheme. Compl. ¶ 9. Instead, Relator's claims rely on references to undisclosed documents and speculative interpretations of conversations to which it was not privy. *Id.* Throughout the complaint, Relator frequently engages in speculation about the content and intent of conversations it did not witness, despite the absence of concrete evidence supporting the existence of a fraudulent scheme.

Additional pertinent facts are set forth below in the Argument section.

## LEGAL STANDARD

The Court is undoubtedly familiar with the standard for a Rule 12(b)(6) motion and, therefore, it is not restated here. The standard is more stringent in the context of an FCA *qui tam* case, where plaintiffs must also meet the particularity requirements of Fed. R. Civ. P. 9(b). *Bazan v. White*, 275 Fed. App'x 312, 313 (5th Cir. 2008); *U.S. ex rel. Doe v. Dow Chem. Co.*, 343 F.3d 325, 328 (5th Cir. 2003). A "complaint can survive a motion to dismiss by alleging 'the details of an actually submitted false claim' or by 'alleging particular details of a scheme to submit false claims paired with reliable indicia that lead to a strong inference that the claims were actually submitted.'" *United States ex rel. Park v. Legacy Heart Care, LLC*, No. 3:16-CV-

803-S, 2018 WL 5313884, at *4 (N.D. Tex. Oct. 26, 2018) (Scholer, J.) (quoting *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 190 (5th Cir. 2009)).  Failure to do so results in a dismissal for failure to state a claim upon which relief may be granted, pursuant to F.R.C.P. 12(b)(6). *Bazan*, 275 Fed. App'x at 313.  *See Universal Health Servs., Inc. v. United States*, 579 U.S. 176, 195, n.6 (2016).  Moreover, specific facts must be pleaded as to each defendant. *U.S. ex rel. Hebert v. Dizney*, 295 Fed. Appx. 717, 722 (5th Cir. 2008) ("broad claims against numerous defendants without identifying specific actions of specific individuals at specific times" are not sufficient).  Relators must plead the "time, place, and contents" of any conduct or representation at issue, as well as identify each specific defendant who allegedly engaged in the purported conduct or made the purported representations.  *See U.S. ex rel. Russell v. Epic Healthcare Management Group*, 193 F.3d 304, 308 (5th Cir. 1999), abrogated on other grounds, *U.S. ex rel. Einstein v. City of New York, New York*, 556 U.S. 928 (2009).

Here, Relator must plead with sufficient particularity that the Movants are personally responsible for "(1) a false statement or fraudulent course of conduct; (2) made or carried out with the requisite scienter; (3) that was material; and (4) that caused the government to pay out money or to forfeit money due." *Park*, 2018 WL 5313884, at *4.

## ARGUMENT

### A. Relator Fails to State a Claim under Rule 12(b)(6).

The Steward Defendants argue in their adjacent memorandum that the complaint must be dismissed against **all** defendants (including the Movants) under Rule 12(b)(6) due to Relator's failure to adequately plead violations of the AKS or Stark Law.  ECF No. 60 at 10-14.  Those same arguments apply to Movants and are incorporated, though not repeated, here.

### B. Relator Fails to Plead its FCA Claim with the Requisite Particularity

As presented in the Steward Defendants' memorandum, Relator's attempt to establish state and federal FCA claims based on the AKS and Stark Law against all defendants, including the Movants, falls short of the Rule 9(b) particularity requirements for several compelling reasons.[1]

Specifically concerning the Movants, the allegations are primarily conclusory and speculative in nature. They fail to identify any claims actually submitted to the government or provide concrete details of an alleged fraudulent scheme. *See Park*, 2018 WL 5313884, at *4 (Scholer, J.) (quoting *Grubbs*, 565 F.3d at 190). The allegations center around general discussions related to business and hospital administration (Compl. ¶¶ 52, 55-58, 65), which are crucial for making informed investment decisions and enhancing Steward's competitive standing in the region. Relator's attempt to deduce violations, such as the Movants engaged in coded discussions to circumvent the AKS and Stark Laws (Compl. ¶ 115), does not meet the Rule 9(b) particularity requirement. Despite alleging the Movants participated in these discussions, the complaint contains no other allegations pinpointing their FCA and Florida FCA violations via the AKS and Stark Law. Relators with genuine FCA claims do not need to resort to such convoluted pleading tactics.

In addition, Relators fail to meet the particularity requirement for each element of the FCA violation. *See United States v. Wal-Mart Stores E., LP*, 858 F. App'x 876 (6th Cir. 2021)

---

[1] These reasons include: (1) there is no allegation that any claim related to a surgery performed at Steward by a First Choice surgeon involved a government payor such as Medicare, TRICARE, or Medicaid (ECF No. 60 at 14-16); (2) Relator relies on impermissible group pleading and fails to allege the when, who, what, and how of the supposed fraud (*id*. at 15, 17, 21); and (3) Relator does not allege that any defendant submitted a claim to Medicaid or that First Choice even had a single Medicaid patient, as required for liability under the Florida FCA (*id*. at 22).

(affirming dismissal of the complaint for failure to plead each element of the FCA claim with particularity).[2]

> 1. *Relator has not identified the presentment of claims with particularity as required by § 3729(a)(1)(A).*

Relator's failure to identify a single false or fraudulent claim presented or caused to be presented to the government, as mandated by 31 U.S.C. § 3729(a)(1)(A), is a critical shortcoming. While a relator may allege presentment of a false claim by providing details of the particular scheme paired with reliable indicia that would lead to an inference that a false claim was submitted, that alone "*does not* absolve [a relator] of the burden of otherwise sufficiently pleading the time, place, or identity details of the traditional standard, in order to effectuate Rule 9(b)'s function of fair notice and protection from frivolous suits." *U.S. ex rel. Nunnally v. W. Calcasieu Cameron Hosp.*, 519 F. App'x 890, 895 (5th Cir. 2013) (emphasis added); *see also United States ex rel. Okeeffe v. River Oaks Mgmt. Co., LLC*, No. 2:16-CV-48-KS-MTP, 2017 WL 4685001, at *1 (S.D. Miss. Oct. 18, 2017). If "allegations of a scheme to submit fraudulent claims are entirely conclusory, do not offer factual information with sufficient indicia of reliability, and do not demonstrate a strong inference that the claims were presented to the Government in violation of § 3729(a)(1)," the Complaint cannot withstand a motion to dismiss. *Nunnally*, 519 F. App'x at 895.

Additionally, beyond the allegations of the Movants' participation in discussions aimed at improving the Steward hospital system, Relator has not made specific claims regarding the Movants' direct involvement in knowingly submitting false or fraudulent claims to Medicare, Medicaid, or TRICARE for payment.

---

[2] The Florida FCA aligns with the federal FCA, necessitating identical evidentiary elements. *United States v. HPC Healthcare, Inc.*, 723 F. App'x 783, 787 (11th Cir. 2018). Consequently, Count II of the Relator's claim should be dismissed for the same reasons outlined in Section B and Steward Defendants' brief (ECF No. 60 at 22).

For instance, while Relator alleges that Putter and Crowley engaged in discussions about hiring physicians and monitoring future surgeries at Steward hospitals (Compl. ¶¶ 4, 89, 107), there is a conspicuous absence of allegations linking these surgeries to federal or state reimbursement, which is an essential requirement for state and federal FCA claims. As for Knell, the complaint similarly lacks specificity regarding his involvement in the knowing submission of false or fraudulent claims to the Government. The scant allegations against Knell revolve around a conversation where he supposedly used "code" and another discussion involving a physician regarding work for the Steward network. Compl. ¶¶ 115, 140. But these allegations fail to allege evidence of actual false claims.

The final element of a presentment violation requires that the false or fraudulent claim has been presented knowingly, as per 31 U.S.C. § 3729(a)(1)(A). "Knowingly" is defined as a person who: "(i) has actual knowledge of the information; (ii) acts in deliberate ignorance of the truth or falsity of the information; or (iii) acts in reckless disregard of the truth or falsity of the information; . . ." *Id*. at (b)(1)(A). "This is an elevated standard, as a finding of negligence or gross negligence is not sufficient to satisfy the scienter requirement." *U.S., ex rel. Johnson v. Kaner Med. Grp., P.A.*, 641 F. App'x 391, 394 (5th Cir. 2016).

In line with the rest of Relator's conclusory and speculative allegations, and even assuming that the first two elements (presentment and falsity) are met (which they are not), Relator fails to plead with the necessary particularity that the Movants possessed the requisite scienter in submitting the false or fraudulent claims. The Complaint notably lacks specific allegations where either Crowley, Putter, or Knell had knowledge of submitted claims as required. The closest Relator comes to is a speculative allegation that they acted with deliberate ignorance by using "code" and intentionally avoided documenting their actions. Compl. ¶ 68,

115. This speculative assertion is insufficient. Statements from Crowley expressing enthusiasm about the deal or discussions with Putter and Knell regarding the need to realign surgeries between hospitals do not provide sufficient information to establish their knowledge of any false claims being submitted. Compl. ¶¶ 61, 66-67. Thus, Relator also fails to satisfy the third element required for a presentment claim.

        2.      *§3729(a)(1)(B): The Amended Complaint does not adequately plead a false record or statements violation.*

Relator contends that the Movants violated 31 U.S.C. §3729(a)(1)(B), which occurs when a person "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim." This provision "requires [] that the defendant made a false record or statement for the purpose of getting a false or fraudulent claim paid by the Government." *Grubbs*, 565 F.3d at 193. General allegations of a "written and/or implied certification to the Medicare program that it was in compliance with all of the Medicare's program rules" are not sufficient. *Nunnally*, 519 Fed. Appx. at 895. When a relator's complaint "does not contain any detail of comparable particularity" and "points to no specific instance of such a record or statement," the claim falls short of the Rule 9(b) pleading requirement. *Id*.

Here, Relator neglects to reference any specific record or statement that would suggest a false or fraudulent claim paid by the Government. The complaint merely contains a conclusory allegation that the Movants were involved in some form of scheme to direct profitable cases to specific hospitals. Notably, the complaint lacks crucial details, such as the timing of the referral, the identity of the party making the submission, and the specific patient or procedure associated with it. This omission is fatal because Relator is obliged to plead the "who, what, when, where, and how of the fraud," a requirement it has not fulfilled regarding the Movants. Instead, Relator essentially contends that the Movants violated the FCA based on losses suffered by the Relator's

business.  *See Park*, 2018 WL 5313884, at *4.  This does not come close to meeting the stringent particularity requirement of Rule 9(b).

        3.      *§3729(a)(1)(C): Absent other violations, no conspiracy to commit an FCA is sufficiently alleged.*

Lastly, Relator alleges that the Defendants violated 31 U.S.C. § 3729(a(1)(C), which relates to conspiracy to commit a violation of subparagraphs A, B, D, E, F, or G of the statute. To establish such a conspiracy, a relator must demonstrate "(1) the existence of an unlawful agreement between defendants to get a false or fraudulent claim allowed or paid [by the Government] and (2) at least one act performed in furtherance of that agreement." *U.S. ex rel. Farmer v. City of Houston*, 523 F.3d 333, 343 (5th Cir. 2008).  Importantly, a conspiracy violation under this provision must be rooted in a violation of one of the other six FCA provisions.  Thus, Relator's FCA claims falter due to the failure of the complaint to adequately plead violations of § 3729(a)(1)(A) and (B).

## CONCLUSION

For the reasons set forth above, and in the Steward Defendants' brief (ECF. No. 60), the Court should dismiss Counts I and II of Relator's complaint against Putter, Crowley, and Knell pursuant to Fed. R. Civ. P. 9(b) and 12(b)(6).

JOSH PUTTER, TIM CROWLEY, AND DANIEL KNELL,

By their attorneys,

*/s/ Thomas G. Yoxall*
Thomas G. Yoxall
  Texas Bar No. 00785304
  tyoxall@lockelord.com
Nicholas S. Graber
  Texas Bar No. 24122918
  Nick.graber@lockelord.com
2200 Ross Avenue
Suite 2800
Dallas, TX 75201
(214) 740-8000

Howard M. Cooper
hcooper@toddweld.com
  Massachusetts Bar No. 543842
Seth J. Robbins
srobbins@toddweld.com
  Massachusetts Bar No. 655146
Keval D. Kapadia
  Massachusetts Bar No. 709323
kkapadia@toddweld.com
TODD & WELD LLP
One Federal Street, 27th Floor
Boston, MA 02110

Dated: November 10, 2023

**CERTIFICATE OF SERVICE**

I hereby certify that on November 10, 2023, I electronically filed the foregoing document using the Court's ECF system, which will send notice of the filing to all counsel of record via e-mail.

*/s/ Thomas G. Yoxall*
Thomas G. Yoxall