UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| UNITED STATES OF AMERICA and STATE OF FLORIDA *ex rel.* OMNI HEALTHCARE, INC.<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>STEWARD HEALTH CARE SYSTEM LLC; STEWARD HEALTH CARE HOLDINGS LLC; STEWARD HEALTH CARE INVESTORS, LLC; STEWARD PHYSICIAN CONTRACTING, INC; STEWARD MELBOURNE, INC. d/b/a MELBOURNE REGIONAL MEDICAL CENTER; STEWARD ROCKLEDGE, INC. d/b/a ROCKLEDGE REGIONAL MEDICAL CENTER; STEEWARD SEBASTIAN RIVER MEDICAL CENTER, INC. d/b/a SEBASTIAN RIVER MEDICAL CENTER; RALPH DE LA TORRE; MICHAEL CALLUM; DANIEL KNELL; JOSH PUTTER; TIM CROWLEY and JAMES RENNA,<br><br>　　　　　　Defendants. | Case No. 3:21-cv-0870-S |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF THE MOTION TO DISMISS BY DEFENDANTS JOSH PUTTER, TIM CROWLEY, AND DANIEL KNELL**

Relator's voluminous Opposition is notable not for its arguments, but for its glaring omissions. Putting aside the significant changes to the allegations surrounding the supposed scheme, extensively addressed in the Steward Defendants' briefing, Relator fails to contest the reliance of the Amended Complaint ("AC") on unsubstantiated allegations regarding the Movants' purported involvement in the "Exclusive Referral Scheme."  Instead of directly addressing this concerning oversight, the Opposition steers the Court toward a purportedly lenient pleading standard.  However, even under the so-called "relaxed" standard, Relator still fails to plead reliable indicia of a referral scheme and demonstrate that the Movants possessed the requisite scienter necessary for the success of its Anti-Kickback Statute ("AKS") claim.[1]

### A. Relator's Use of Conclusory Statements and Unsubstantiated Quotations is Insufficient to Plead a Fraudulent Scheme Promulgated by the Movants.

In its Opposition, Relator's response to Movants' argument that the AC fails to provide reliable indicia of a fraudulent scheme with requisite particularity can be distilled as follows: a legitimate business purpose does not absolve a defendant of liability if an illegal purpose also exists. Opp. at 16.  While that unremarkable proposition is technically accurate, here, Relator fails to establish a clear and plausible connection between the allegations against the Movants and the purported illegal purpose, as is required.  Instead, it asks the Court to draw unreasonable inferences from unsubstantiated quotes and speculative allegations.  *See United States ex rel. Frey v. Health Mgmt. Sys., Inc.*, 2023 WL 2563239 (S.D. Tex. Feb. 10, 2023), *report and recommendation adopted sub nom. Frey v. Health Mgmt. Sys., Inc.*, 2023 WL 2564342 (S.D. Tex. Mar. 17, 2023) (holding that conclusory allegations with "excerpted quotations" without providing the supporting

---

[1] For the sake of brevity, Movants once again adopt the arguments advanced by the Steward Defendants and Michael Callum in their respective reply briefs, as these arguments equally apply to the Movants. This includes but is not limited to, arguments regarding: (1) the causation standard and constitutionality of qui tam actions; (2) the inadequacy of Relator's Stark Law pleading; (3) the allegations concerning the submission of claims for DHS; (4) other issues of particularity under Rule 9(b) within the AC; (5) the failure to plead Florida State Law False Claims Act claims; and (6) Relator's failure to plead a fraudulent scheme. *See* ECF Nos. (102) & (103).

documents related to the alleged schemes are not sufficient); *U.S. ex rel. Nunnally v. W. Calcasieu Cameron Hosp.,* 519 F. App'x 890, 895 (5th Cir. 2013) (affirming dismissal of claims where "allegations of a scheme to submit fraudulent claims are entirely conclusory").

For instance, Relator does not provide this Court with **substantiated facts** to support the allegation that the Movants knowingly participated in a kickback scheme that resulted in claims that were *actually submitted*.[2] While Relator alleges that remuneration served as an inducement for referrals, such allegations must meet specificity requirements and avoid conclusory language. *See Nunnally*, 519 F. App'x at 895. The Opposition instead asks this Court to infer sufficiency merely from the Movants' participation in business discussions, presenting them as evidence of unlawful activity without substantive factual backing.

Regarding Putter specifically, Relator argues that its allegations demonstrate Putter's involvement in discussions regarding procedural shifts to Steward hospitals and maximizing the benefits of the partnership. Opp. at 18. However, these allegations are rife with conclusory statements and unsubstantiated quotations, lacking evidence of Putter's direct participation in the submission of fraudulent claims, as required for sustaining an FCA claim. *See U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 190 (5th Cir. 2009).

Similar deficiencies are apparent in the allegations against Crowley. Relator dedicates a paragraph in its Opposition to reassert its claims without addressing the Movants' argument regarding pleading sufficiency. Instead, Relator repeatedly refers to documents and quotations outside the record, essentially asking this Court to trust in their existence despite their absence. However, in *Frey*, the Court highlighted the necessity of substantiating claims with clear and

---

[2] As argued by the Steward Defendants in their brief, the AC conspicuously lacks any allegation that a false claim was actually submitted between April 2017 and October 2017. Relator also neglects to sufficiently specify the timing of the fraudulent scheme, opting instead to vaguely state the time period without providing further details to pinpoint when the scheme to submit claims occurred.

specific evidence rather than mere assertions or references. Notably, if not in the AC, then certainly in the Opposition, now was the time for Relator to present the supporting documentation and evidence. It is quite telling that Relator has chosen not to do so, but such is not surprising, considering that it is far easier to construct a narrative implying Movants' involvement in the scheme than to provide evidence of their actual participation in submitting false claims.

Relator's arguments concerning Knell's involvement also fall short. In its Opposition, Relator argues that Knell's actions furthered "the Referral Scheme between First Choice and Steward." Opp. at 18-19. However, the only allegations Relator points to in support of this contention relate to a supposed punch list that tasked Knell with analyzing the partnership as well as the review of spreadsheets supposedly concerning the frequency and number of referrals, which lack factual support to satisfy the 9(b) requirements. *Id*. Relator again shies away from addressing the conclusory nature of each pleading, instead arguing that the AC as a whole (which is conclusory in itself) supports its allegations against the Movants.

This form of pleading, lacking factual support, fails to meet heightened pleading requirements. The Opposition does not argue anything to the contrary.

### B. Relator's Pleading Has Not Even Satisfied the Relaxed Particularity Requirement for Pleading Scienter

In its Opposition, Relator also argues that the relaxed scienter requirements under *Carter* and *Tuchman* justify its pleading approach. However, this leniency does not grant Relator a license to rely solely on conclusory and speculative allegations. *Reed v. Bank of Am., N.A.*, 2016 WL 3058303 (S.D. Tex. May 31, 2016) (quoting *U.S. ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997)) ("Although the requirements of Rule 9(b) may be relaxed where the facts relating to the alleged fraud are peculiarly within the opposing party's knowledge,

this exception 'must not be mistaken for license to base claims of fraud on speculation and conclusory allegations.'").

The AKS requires that each defendant willfully commit an act violating the law, which necessitates that the defendant have acted "with the specific intent to do something that the law forbids." *United States v. Medoc Health Servs. LLC*, 470 F. Supp. 3d 638, 656 (N.D. Tex. 2020) (*quoting United States v. Gibson*, 875 F.3d 179, 188 (5th Cir. 2017)). Yet, Relator's pleading lacks the requisite facts to plausibly infer Movants' awareness of unlawful conduct. *United States ex rel. Hart v. McKesson Corp.*, 602 F. Supp. 3d 575, 596 (S.D.N.Y. 2022) (finding Relator is required to plead "facts from which the Court can infer that the Defendants knew the conduct was unlawful and proceeded with the business practice regardless," and, thus, failed to allege scienter through non-conclusory allegations and Relator).

The absence of specific document attachments to support crucial allegations concerning Putter, Knell, and Crowley renders these claims unsupported. Relator's reliance on inference, rather than direct evidence, fails to establish the necessary mental state, even under a relaxed standard, thus falling short of pleading the required scienter.

For example, paragraph 127 of the AC suggests Putter and Knell's involvement in the referral process by keeping track of the number of cases provided to Steward and urged First Choice to keep a steady increase of referrals to boost profit. Am. Compl. ¶ 127. However, nowhere in that allegation (nor in any other), does Relator provide factual substantiation that their activities were specifically intended to further a referral scheme. Similarly, paragraph 133 alleges that Crowley requested a "leakage report" to help identify cases so First Choice could "hire the right ortho," without providing the document or evidence tying it to a referral scheme. Am. Compl.

¶ 133. Even with relaxed standards, Relator fails to present non-conclusory allegations demonstrating Movants' requisite mental state, thereby failing to plead the scienter requirement.

### C. Relator Should Not Be Granted Leave to Amend Yet Again

Recognizing the glaring flaws in its pleading, Relator now seeks leave to amend its complaint once more. However, Relator has already had ample opportunity to rectify the deficiencies, necessitating Defendants to file Motions to Dismiss on two separate occasions. Granting another chance would unfairly burden these individual Movants, compelling them to expend significant resources in defense against what appears to be a frivolous lawsuit. *See Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) (noting leave to amend can be appropriately denied when "it is clear that the defects [of a complaint] are incurable"); *Ordemann v. Unidentified Party*, No. 06-CV-4796, 2008 WL 695253, at *4 (E.D. La. Mar. 12, 2008) ("Pleadings review is not a game where the plaintiff is permitted to file serial amendments until he finally gets it right."). Further, Relator has not explained how it would cure the deficiencies elucidated in the Defendants' briefing; nor has it submitted a proposed second amended complaint. As Relator has provided the Court with no basis to believe that further amendment would be fruitful, the Relator should not be given a third bite.

### CONCLUSION

The AC is fraught with speculation and conclusory statements, failing to adequately plead the necessary elements under even a relaxed standard, let alone satisfying the requirements of Rule 9(b). Therefore, Movants respectfully request that this Court dismiss the action with prejudice, denying leave to amend.

                    JOSH PUTTER, TIM CROWLEY, AND DANIEL KNELL,

                    By their attorneys,

                    */s/ Thomas G. Yoxall*
Thomas G. Yoxall
tyoxall@lockelord.com
Nicholas S. Graber
nick.graber@lockelord.com
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, TX 75201

Howard M. Cooper
hcooper@toddweld.com
Seth J. Robbins
srobbins@toddweld.com
Keval D. Kapadia
kkapadia@toddweld.com
TODD & WELD LLP
One Federal Street, 27th Floor
Boston, MA 02110

Dated: March 15, 2024

## CERTIFICATE OF SERVICE

      I hereby certify that on March 15, 2024, I electronically filed the foregoing document using the Court's ECF system, which will send notice of the filing to all counsel of record via e-mail.

                    */s/ Thomas G. Yoxall*
                    Thomas G. Yoxall