IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and STATE OF FLORIDA *ex rel.* OMNI HEALTHCARE, INC.<br><br>Plaintiffs,<br><br>v.<br><br>STEWARD HEALTHCARE SYSTEM LLC; STEWARD HEALTH CARE HOLDINGS LLC; STEWARD HEALTH CARE INVESTORS, LLC; STEWARD PHYSICIAN CONTRACTING, INC.; STEWARD MELBOURNE, INC. d/b/a MELBOURNE REGIONAL MEDICAL CENTER; STEWARD ROCKLEDGE HOSPITAL, INC. d/b/a ROCKLEDGE REGIONAL MEDICAL CENTER; STEWARD SEBASTIAN RIVER MEDICAL CENTER, INC. d/b/a SEBASTIAN RIVER MEDICAL CENTER; RALPH DE LA TORRE; MICHAEL CALLUM; DANIEL KNELL; JOSH PUTTER; TIM CROWLEY; and JAMES RENNA,<br><br>Defendants. | Case No.: 3:21-cv-00870-S |

### RELATOR'S MOTION TO REOPEN THE CASE AS TO DEFENDANTS RALPH DE LA TORRE, MICHAEL CALLUM, DANIEL KNELL, JOSH PUTTER, TIM CROWLEY, AND JAMES RENNA FOLLOWING ADMINISTRATIVE CLOSURE

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

Comes now, Plaintiff-Relator Omni Healthcare, Inc. ("Relator") files this Motion to Reopen the Case as to non-debtor defendants Ralph De La Torre, Michael Callum, Daniel Knell, Josh Putter, Tim Crowley, and James Renna (the "Individual Defendants"). For the reasons set forth below, Relator respectfully requests that the Court reopen the case as to the Individual Defendants and allow discovery to proceed.

## I. INTRODUCTION

Pursuant to the United States Bankruptcy Code, 11 U.S.C. § 362(a), debtors who file for bankruptcy receive an automatic stay applying to previously filed actions involving the debtors to protect their assets during the bankruptcy proceedings. On May 8, 2024, this Court issued an Order (ECF 106) (the "Order") administratively closing this action without prejudice until the pending bankruptcy proceeding is concluded or until the automatic stay, issued under 11 U.S.C. § 362(a) (the "Stay"), is lifted. (ECF 106). The Order follows the Notice of Suggestion of Bankruptcy filed by Defendants Steward Health Care System LLC, Steward Health Care Holdings LLC, Steward Physician Contracting, Inc., Steward Melbourne Hospital, Inc., Steward Rockledge Hospital, Inc., and Steward Sebastian River Medical Center, Inc. (the "Steward Defendants" and/or "Debtors") on May 7, 2024. (ECF 105).

While the Stay applies to the Steward Defendants, the remaining Individual Defendants are not subject to the automatic Stay and the protections that flow from the bankruptcy proceeding. Here, the claims against the Individual Defendants involve allegations of fraudulent activity and knowingly defrauding the United States Government. Unlike traditional actions in which principals may be considered extensions of their corporations which would allow extension of the automatic stay, the Individual Defendants are alleged to have committed fraud and thus, were not acting within the scope of their employment or the scope of their relationship with the Debtors.

### a. Relevant Factual Background[1]

The Individual Defendants, but for Renna, were executives employed by the Steward Defendants at all relevant times herein. Defendant Ralph de la Torre is the founder, chairman, and

---

[1] While these facts are pertinent to this Motion, Relator relies upon and incorporates the full statement of facts submitted with its Opposition to Defendants' Motions to Dismiss the Amended Complaint. (ECF 96).

Relator's Motion to Reopen Case           2

Chief Executive Officer of Steward Health Care System; Michael Callum is the President of Steward Medical Group and Executive Vice President for Physician Services; Daniel Knell is a regional Vice President for Steward Health Care; Josh Putter was the President of the central division of Steward Health Care and is President of the South Florida region for Steward Health Care; and Tim Crowley is a Senior Vice President of Physician Network Development at Steward Health Care.

The Amended Complaint contains numerous allegations that the Individual Defendants orchestrated and executed the fraudulent scheme that is the basis of this False Claims Act action. *See* Amended Complaint (ECF No. 72) at ¶93-148.  Notably, Defendant Renna was not and is not employed directly by the Steward Defendants or any other defendant.  He was a board member of First Choice Healthcare Solutions, Inc. since 2018 and was the lead financial executive at Cerberus Capital Management, L.P. from May 2006 through May 2018.  Upon information and belief, Renna does not have decision-making authority for the Steward Defendants.

    **b.  The Bankruptcy Proceedings**

On May 7, 2024, Defendants Steward Health Care System LLC; Steward Health Care Holdings LLC; Steward Physician Contracting, Inc.; Steward Melbourne Hospital, Inc.; Steward Rockledge Hospital, Inc.; and Steward Sebastian River Medical Center, Inc. (collectively, the "Steward Defendants") filed a Notice of Suggestion of Bankruptcy. (ECF 105).  The Steward Defendants, including approximately sixty-five debtor affiliate companies, filed Chapter 11 Bankruptcy petitions in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court") on May 6, 2024.  As a result of the filings, and pursuant to the Bankruptcy Code, 11 U.S.C. § 362(a), an automatic Stay applied to the debtor entities with respect to all proceedings commenced prior to the filing, including this matter.  Upon information and belief,

the Individual Defendants have not filed any bankruptcy petitions during the pendency of this action.

II.     **LEGAL STANDARD**

Section 362(a)(1) provides for an automatic stay of any judicial "proceeding against the debtor." 11 U.S.C. § 362(a)(1). The purposes of this type of automatic stay "are to protect the debtor's assets, provide temporary relief from creditors, and further equity of distribution among the creditors by forestalling a race to the courthouse." *GATX Aircraft Corp. v. M/V Courtney Leigh*, 768 F.2d 711, 716 (5th Cir. 1985).

Ordinarily, the automatic stay does not apply to actions against a non-debtor. *See In re TXNB Internal Case*, 483 F.3d 292, 301 (5th Cir. 2007). By its terms, automatic stay applies only to debtor, and not to co-debtors, in case under Chapter 7 or Chapter 11, and automatic stay is rarely a valid basis upon which to stay actions against non-debtors. 11 U.S.C.A. §362(a); *see also Reliant Energy Servs., Inc. v. Enron Canada Corp.,* 349 F.3d 816, 825 (5th Cir. 2003) ("[A] bankruptcy court may invoke §362 to stay proceedings against nonbankrupt codefendants where 'there is such an identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor.'") (internal citations omitted). The party invoking the stay, asking the bankruptcy court to extend §362 protections to non-debtors, has the burden to show the stay is applicable. *See Beran v. World Telemetry, Inc.,* 747 F. Supp. 2d 719, 722 (S.D. Tex. 2010) (citing *Reliant Energy Servs., Inc. v. Enron Can. Corp.*, 349 F.3d at 825).

Importantly, courts in the Fifth Circuit have rejected the extension of the automatic stay where a record "provides no basis to conclude that a judgment against the individual defendants would in effect be a judgment against [the non-debtor]." *Id.* at 723; *see also In re S.I. Acquisition,*

*Inc.*, 817 F.2d 1142, 1147 (5th Cir.1987) (exceptions to the general rule exists only in limited situations).

In exercising its "limited" discretion to extend the automatic stay to non-debtor parties, a district court can do so "in the interests of justice and in control of their dockets." *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir.1983). "Proper use of this authority 'calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.'" *Id.* (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)). "A stay can be justified only if, based on a balancing of the parties' interests, there is a clear inequity to the suppliant who is required to defend while another action remains unresolved and if the order granting a stay can be framed to contain reasonable limits on its duration." *GATX Aircraft Corp.*, 768 F.2d at 716 (citing *Wedgeworth*, 706 F.2d at 545).

The Fifth Circuit has stated that a § 362 automatic stay should extend to nonbankrupt codefendants only when there is a formal or contractual relationship between the debtor and non-debtors such that a judgment against one would in effect be a judgment against the other. *Beran*, 747 F. Supp. 2d at 723. However, this exception should only apply where a "claim of a formal tie or contractual indemnification ha[s] been made to create an identity of interests between the debtor and nondebtor." *Id.*; *Gigi's Cupcakes, LLC v. 4 Box LLC*, No. 3:17-CV-3009-B, 2019 WL 1767003, at *1 (N.D. Tex. Apr. 22, 2019).

## III.   ARGUMENT

### a.   The Stay does not Extend to the Individual Defendants as a Matter of Law

Section 362(a) "does not operate as an automatic stay on claims against the co-defendants of [the Debtor]." *Wedgeworth*, 706 F.2d at 544. Here, there has been no such claim of a formal tie where the individual actions of the Individual Defendants are separate and apart from the claims

against the Steward Defendants. The Individual Defendants' conduct, as alleged in the Amended Complaint, related to defrauding the government, is not simply the conduct of Steward Defendants' agents or employees.

The Individual Defendants should not benefit from the Stay to avoid their discovery and monetary obligations to Relator. Because the automatic stay promulgated by Section 362 does not pause relief against a non-debtor, this matter should be reopened as to the Individual Defendants only. *See* 11 USCS § 362(a).

### b. The Individual Defendants May be Liable Separate and Apart from the Debtors and Should Not Benefit from the Stay

Despite the Individual Defendants' attempt to take undue advantage of the Stay, Section 362 is "rarely…a valid basis on which to stay actions against non-debtors." *Arnold v. Garlock, Inc.*, 278 F.3d 426, 436 (5th Cir. 2001). A non-debtor can seek protection from a Section 362 stay only in limited circumstances where the interests of the debtor and non-debtor are aligned and indistinguishable. *See Abrams v. Integrated Pro Servs.*, 2015 U.S. Dist. LEXIS 158679, 2015 WL 7458604 (E.D. La. 2015) (A bankruptcy court "may invoke § 362 to stay proceedings against non-bankrupt codefendants where there is such an identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor."); *see also Reliant Energy Servs., Inc.*, 349 F.3d at 825 (same).

As it pertains to the claims against the Individual Defendants, "[w]hen an employer is vicariously liable for the actions of its employee, the employee may also be individually liable under the Act as well." *Smith v. Sanders*, Civil Action No. 3:12-CV-4377-M, 2017 U.S. Dist. LEXIS 40655, at *12-13 (N.D. Tex. Jan. 30, 2017) (citing *United States v. Aerodex, Inc.*, 469 F.2d

1003, 1013 (5th Cir. 1972) (holding corporation and individual corporate officer jointly and severally liable for violations of the False Claims Act)).

Additionally, under Texas law, it is "not necessary to pierce the corporate veil in order to impose personal liability on a corporate officer," as long as it can be shown that the corporate officer "knowingly participated in the wrongdoing." *Kwasneski v. Williams (In re Williams)*, Ch. 7 Case No. 09-52514, Adv. No. 10-05077, 2011 Bankr. LEXIS 266, at *4 (Bankr. W.D. Tex. Jan. 24, 2011) (denying the debtors' motion for summary judgment due to "the general rule in Texas that corporate agents are individually liable for fraudulent or tortious acts committed while in the service of their corporation.") (internal citations omitted).  "A corporate officer who knowingly participates in fraudulent acts may be held individually liable to third person even though his acts were performed as an agent of the company." *Patek v. Alfaro (In re Primera Energy, LLC)*, 579 B.R. 75, 144 (Bankr. W.D. Tex. 2017).  This imputed liability applies "even when [the agent is] acting within the course and scope of his employment." *Id.* (quoting *Sanchez v. Mulvaney*, 274 S.W.3d 708, 712 (Tex. App.—San Antonio 2008, no pet.).

Here, the Amended Complaint is replete with allegations that support the claims that each of the Individual Defendants "knowingly participate[d]" in the fraudulent acts despite their status as agents or executives within the Debtors' companies.  However, there is no guarantee that a finding against the Individual Defendants would "in effect be a judgment or finding against the debtor," particularly where the issue of joint and several liability is unresolved and wholly possible in this matter.  This is especially true concerning Defendant Renna, who has no corporate decision-making authority over the Steward Defendants, as any legal determinations against him would not be imputed to the Steward Defendants automatically.  Further, because the Fifth Circuit has found that individual defendants can be held jointly and severally liable under the False Claims Act, there

is no basis for an exception to this principle in this matter as to the Steward Defendants. *Reliant Energy Servs., Inc.*, 349 F.3d at 825. Based upon the numerous allegations of the Individual Defendants' fraudulent conduct and their orchestration and execution of the scheme that is the basis of the overall Amended Complaint, the matter should be reopened for discovery involving these individuals if they can be found individually liable for the allegations at issue.

      **c.  Relator Should be Permitted to Litigate its Claims as to the Individual Defendants in the Interests of Justice**

A court may maintain a stay in litigation in the interest of justice and to control their dockets, but it should not be used lightly. *Wedgeworth*, 706 F.2d at 544-45. Proper use of this authority calls for the exercise of judgment, which must weigh competing interests and maintain an even balance. *Id.*

This Court also favors "speedy resolution of disputes." *In re Cobalt Int'l Energy, Inc. Sec. Litig.*, No. CV H-14- 3428, 2017 WL 3620590, at *4 (S.D. Tex. Aug. 23, 2017) ("The public interest . . . favors speedy resolution of disputes" and "a stay will not further judicial economy because . . . most of the discovery will need to be conducted even if the [intervening proceeding] is successful."). When considering whether to stay a matter pending resolution of a separate action, the Fifth Circuit has also considered the potential prejudice to the parties opposing or seeking the stay, and "other difficulties inherent in the general situation, including potential judicial inefficiency." *Stanford v. Liberty Mut. Grp., Inc.*, 2019 U.S. Dist. LEXIS 157647 at *9 (N.D. Miss. 2019).

The Relator has a strong interest in a speedy resolution in this matter, and applying an automatic stay to the *entire* matter is contrary to that interest where the pending bankruptcy proceeding may be open for an indefinite amount of time. The allegations in the Amended Complaint span back to 2017 and the possible delay caused by the bankruptcy proceedings risks

the further erosion of memories and witness recollection. A complete stay of the case, and the administrative closure, prevents Relator from requesting discovery from the Individual Defendants (those who have direct and personal information concerning the allegations of the fraudulent scheme). This is particularly true for Defendant Renna, who is not an executive of the Debtors and has no interest in the bankruptcy action to be granted relief from the Stay.

## IV. CONCLUSION

Relator respectfully requests the Court enter an order reopening this action as to the Individual Defendants to allow the matter to proceed to discovery.

Dated: August 1, 2024

Respectfully submitted,

**SPIRO HARRISON & NELSON**

*/s/ David B. Harrison*

David B. Harrison (*pro hac vice*)
363 Bloomfield Avenue, Suite 2C
Montclair, NJ 07042
(973) 744-2100
dharrison@shnlegal.com
*Lead Counsel for Relator*

David W. Henderson
Texas State Bar No. 24032292
ELLWANGER HENDERSON LLP
400 S Zang Blvd, Suite 600
Dallas, Texas 75208
(214) 948-3334
dhenderson@equalrights.law
*Local Counsel for Relator*

**CERTIFICATE OF CONFERENCE**

The undersigned hereby acknowledges that on July 31, 2024, the relief sought in the Motion was discussed with Counsel for James Renna, Counsel for Ralph De La Torre (and the Steward Defendants), and Counsel for Michael Callum. The undersigned hereby also acknowledges that on August 1, 2024, the relief sought in the Motion was discussed with Counsel for Josh Putter, Daniel Knell, and Tim Crowley. All Counsel advised that the motion is opposed.

*/s/ David B. Harrison*
David B. Harrison

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 1st day of August 2024, a true and correct copy of the foregoing Motion was served via the Court's electronic case filing system (CM/ECF) to all parties registered to receive such notice in the above-captioned case.

*/s/ David B. Harrison*
David B. Harrison