# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and STATE OF FLORIDA *ex rel.* OMNI HEALTHCARE, INC.,<br><br>    Plaintiffs,<br><br>v.<br><br>STEWARD HEALTHCARE SYSTEM LLC; STEWARD HEALTH CARE HOLDINGS LLC; STEWARD HEALTH CARE INVESTORS, LLC; STEWARD PHYSICIAN CONTRACTING, INC.; STEWARD MELBOURNE, INC. d/b/a MELBOURNE REGIONAL MEDICAL CENTER; STEWARD ROCKLEDGE HOSPITAL, INC. d/b/a ROCKLEDGE REGIONAL MEDICAL CENTER; STEWARD SEBASTIAN RIVER MEDICAL CENTER, INC. d/b/a SEBASTIAN RIVER MEDICAL CENTER; RALPH DE LA TORRE; MICHAEL CALLUM; DANIEL KNELL; JOSH PUTTER; TIM CROWLEY; and JAMES RENNA,<br>    Defendants. | **Case No.: 3:21-cv-00870-S** |

## DEFENDANTS' JOINT OPPOSITION TO RELATOR'S MOTION TO REOPEN CASE

Defendants Steward Healthcare System LLC; Steward Health Care Holdings LLC; Steward Health Care Investors, LLC; Steward Physician Contracting, Inc.; Steward Melbourne, Inc. D/B/A Melbourne Regional Medical Center; Steward Rockledge Hospital, Inc. D/B/A Rockledge Regional Medical Center; and Steward Sebastian River Medical Center, Inc. D/B/A Sebastian River Medical Center (collectively, "Debtors");[1] and Defendants Ralph De La Torre; Michael Callum; Daniel Knell; Josh Putter; Tim Crowley; and James Renna (collectively, "Individual Defendants") file this joint Opposition to Relator Omni Healthcare, Inc.'s Motion to Reopen the Case as to non-debtor defendants Ralph De La Torre, Michael Callum, Daniel Knell, Josh Putter, Tim Crowley, and James Renna, and would show this honorable Court as follows:

### ARGUMENT

**I.       THE COURT SHOULD DENY RELATOR'S MOTION.**

    **A.     The case should remain closed because any judgment against Individual Defendants will in effect be a judgment against Debtors.**

Debtors petitioned for bankruptcy on May 6, 2024. One of the effects of Debtors' bankruptcy petitions is that all litigation against Debtors is automatically stayed. 11 U.S.C. § 362. "The automatic stay is one of the fundamental protections provided by the bankruptcy laws". *Matter of Walker*, 51 F.3d 562, 566 (5th Cir. 1995). Claims seeking to recover or exercise control over estate property are subject to the automatic-stay provisions of 11 U.S.C. § 362. *In re Moore*, 608 F.3d 253, 261 (5th Cir. 2010). Estate property includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). These provisions

---

[1] Debtors petitioned for bankruptcy on May 6, 2024. It is undisputed that the Steward entities are subject to the Automatic Stay. They join this opposition in order to highlight the prejudice they would suffer if the motion to reopen were granted as to the individual defendants.

1

"thus implement[] a stay of *any action*, whether against the debtor or *third parties*, that seeks to obtain or exercise control over the property of the debtor." *Matter S.I. Acquisition, Inc.*, 817 F.2d 1142, 1148 (5th Cir. 1987) (emphasis added). In particular, the stay may be extended to non-debtor co-defendants where "a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." *Blundell v. Home Quality Care Home Health Care, Inc.*, No. 3:17-CV-1990-L-BN, 2017 WL 5889715, at *2 (N.D. Tex. Nov. 29, 2017) (internal quotations omitted). That is the case here: a judgment against Individual Defendants will in effect be a judgment or finding against Debtors. Relator's motion to reopen should be denied on this ground alone.

Relator's theory of liability is that Individual Defendants caused Debtors to submit false claims to Medicare and Medicaid programs in violation of the federal and Florida False Claims Acts. See Dkt. 72, ¶¶ 5, 169-206. In other words, Relator essentially alleges that Debtors are liable for violations caused by Individual Defendants. (*See* Rel. Mot. at 8) (conceding that "the numerous allegations of the Individual Defendants' fraudulent conduct and their orchestration and execution of the scheme that is the basis of the overall Amended Complaint"). To permit Relator to proceed against Individual Defendants while Debtors are immobilized by the stay would effectively deprive Debtors from participating in their own defense. Even though Debtors would in theory have their own opportunity to relitigate the entire case once the stay is lifted, they would no doubt face arguments from Relator that the Court's factual findings made up to that point have a preclusive effect, and that the Court's legal rulings are law of the case. That would be fundamentally unfair to Debtors, as courts have held in other contexts. *See, e.g., Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983) ("Only in rare circumstances [not present here] will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both.") (quoting *Landis v. North American Co.*, 299 U.S. 248, 255 (1936) (internal quotes omitted).

Worse yet, Relator claims it is entitled to judgment against all defendants ***jointly and severally.*** (*See e.g., Dkt. 72,* ¶¶ 170, 175, 180, 187, 192, 196, 202). If the Court were to decide that issue in Relator's favor—while Debtors are immobilized by the stay—Debtors could be robbed of a meaningful chance to litigate their own liability once the stay is lifted, because they could find themselves having to pay a judgment against one or more of the Individual Defendants. Relator concedes it cannot "guarantee" that Debtors would be unharmed by a finding or judgment against Individual Defendants, "particularly where the issue of joint and several liability is unresolved and wholly possible." (Rel. Mot. at 7.)

In short, because Relator contends that if Individual Defendants are liable, Debtors are necessarily liable as well, and further contends that a judgment against Individual Defendants would apply to Debtors on a theory of joint and several liability, permitting this case to go forward against Individual Defendants would defeat the purpose of the automatic stay, which is to protect Debtors from adverse judgments while the bankruptcy is pending.

Importantly, if the litigation were to proceed, any defendant that is held liable could file suit for contribution or indemnification against Debtors and could even file a proof of claim against Debtors in the bankruptcy proceeding for the amount sought in contribution/indemnification. Having key executives that are essential for a successful reorganization under Chapter 11, hampered by defending themselves in this suit for conduct engaged in while employed by Debtors and potentially becoming creditors of Debtors during the reorganization efforts, would seriously undermine the bankruptcy process and deprive Debtors of the protection of the automatic stay. Indeed, where "the goal of the automatic stay [is] to prevent a chaotic and uncontrolled scramble for the debtor's assets," one could imagine few scenarios more chaotic—and that would hinder reorganization efforts more—than turning key executives into creditors. *Matter of Walker*, 51 F.3d

562, 566 (5th Cir. 1995). Accordingly, the Court should deny Relator's Motion to avoid violating the automatic stay.

> **B. It would not serve judicial economy or the interests of justice to reopen the case against Individual Defendants.**

Relator's motion to reopen the case should be also be denied for a second, independent, and equally compelling reason: it would disserve the interest of justice and judicial economy. *See Nat'l Oilwell Varco, L.P. v. Mud King Prods., Inc.*, 2013 WL 1948766, at *3 (S.D. Tex. May 9, 2013) ("[C]ourts may also exercise their discretion to stay a proceeding against non-bankruptcy co-defendants in the interests of justice and in control of their dockets.") (internal quotations omitted).

Courts in this district and in the Fifth Circuit routinely stay litigation as to non-debtor co-defendants when "the allegations raised against [non-debtor co-defendants] are 'inextricably interwoven' with claims against the debtor" and severance would be inappropriate. *See e.g.*, *Gigi's Cupcakes, LLC v. 4 Box LLC*, No. 3:17-CV-3009-B, 2019 WL 1767003, at *4 (N.D. Tex. Apr. 22, 2019) (ordering a discretionary stay as to non-debtor co-defendants because the allegations against them and the debtor were inextricably interwoven); *Blundell*, 2017 WL 5889715, at *4–6 (N.D. Tex. Nov. 29, 2017) (same); *Abrams v. Integrated Pro Servs., LLC*, 2015 WL 7458604, at *4 (E.D. La. Nov. 24, 2015) (same). Keeping a case closed or administratively stayed is particularly justified where, as here, "there is a clear inequity to the suppliant who is required to defend while another action remains unresolved and . . . the order granting a stay can be framed to contain reasonable limits on its duration." *GATX Aircraft Corp. v. M/V Courtney Leigh*, 768 F.2d 711, 716 (5th Cir. 1985). Further, a court should exercise its discretion to maintain a stay against non-debtor co-defendants where, as here, "[t]he claims against all of the defendants arise out of the same transactions or occurrences, present common questions of law and fact, and will involve at least

4

many of the same witnesses and documentary proof, such that judicial economy would not be facilitated by resolving them in separate actions and potentially separate trials." *Blundell*, 2017 WL 5889715, at *6 (N.D. Tex, Nov. 29, 2017) (administratively closing the case at the court's discretion even where the non-debtor co-defendants could be held jointly and severally liable).

All of Relator's claims against Individual Defendants are inextricably interwoven with claims against Debtors, necessitating that the case remains administratively closed. Indeed, there are no claims alleged by Relator that do not include or involve Debtors. (*See* Am. Compl. ¶¶ 169-206). This inseparable blending exists for a reason—the individual defendants were sued solely for actions they took in the scope of their employment by Debtors. (*See* Rel. Mot at 7) ("[T]he Individual Defendants 'knowingly participate[d]' . . . despite their **status as agents or executives** within the Debtors' companies.") Thus, reopening the case to pursue joint and several causes of action will not only affect Individual Defendants, but could also significantly hamper Debtors' estate and bankruptcy process, have a preclusive effect on Debtors' rights, and violate the automatic stay.

Here, a judgment against Individual Defendants will in effect be a judgment or finding against Debtors because all claims (1) arise out of the same transactions or occurrences; (2) present common questions of law and fact; and (3) involve the same witnesses and documentary proof. For example, Relator brings two counts of conspiracy against Individual Defendants and Debtors, alleging the same facts and circumstances. *See* Am. Compl. ¶¶ 184-190, 200-206. This Court would therefore need to resolve factual and legal issues in connection with the claims against Individual Defendants that would affect Debtors, as Debtors are alleged to be part of the conspiracy. *Gigi's Cupcakes*, 2019 WL 1767003, at *4 (finding that extending a discretionary stay to non-debtors is justified because "there is no doubt that the same evidence, witnesses, and

5

documentary proof will be required for . . . [conspiracy] claims."). It would be horribly inefficient to proceed to litigation and (if the Amended Complaint survives dismissal) discovery with Individual Defendants when the Court would then later need to litigate the same exact claims against Debtors. Further, it is hard to imagine discovery proceeding efficiently without Debtors, as significant discovery is likely needed from Debtors. Of course, Debtors cannot engage in discovery in this case while the automatic stay is in place.

Severing claims would run the serious risk of having inconsistent results. "If two juries are allowed to pass on an issue involving the same factual and legal elements, the verdicts rendered by those juries could be inconsistent, producing intolerably anomalous results." *Blundell*, 2017 WL 5889715, at *6 (citing *McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d 298, 305 (5th Cir. 1993)). Denying Relator's motion to reopen is necessary to prevent prejudice to Debtors (by having their liabilities and rights determined without their participation) and prevent potentially inconsistent results (if Debtors prevailed on claims where Individual Defendants were found liable, or vice versa).

## C.   Not reopening the case is appropriate because Relator has not demonstrated that it will face significant hardship if the case does not proceed now.

Relator has not demonstrated what hardships it would face if the Court refused to sever Individual Defendants' claims. *See Abrams*, 2015 WL 7458604, at *3 (requiring a showing of hardship for potential severance from a bankruptcy debtor.) Relator instead raises the possibility of "further erosion of memories and witness recollection." Rel. Mot. at 9. But such a "possibility" is not proof of hardship, particularly because bankruptcy is a temporary process and, if the reorganization is successful, Debtors will be discharged from bankruptcy. Indeed, given that the underlying conduct occurred more than six years ago, Relator offers no reason why memories are likely to materially fade, say, seven years after the relevant incidents occurred, rather than six

6

years. Relator falls short of the showing needed. *See Abrams*, 2015 WL 7458604, at *3 ("While it is undoubtedly regrettable that Abrams has not yet had his day in court **over eight years** after the commencement of this lawsuit, Plaintiff has **not demonstrated what hardship** he may face going forward if the debtor's claims are not severed. On the other hand, Defendants argue that severance of the debtor's claims would not only lead to undue prejudice but would prove inefficient and inconvenient due to the similarities discussed above.")

Like the plaintiff in the *Abrams* case, Relator fails to establish sufficient hardship to warrant reopening this case and severing the issues against Individual Defendants. Thus, because severance or separate trials are not suitable options—again, because the claims against Debtors are inextricably interwoven with the claims against Individual Defendants—continuing to stay the claims as "to all co-defendants is the most sensible option in this case." *Id.* at 4; *see also Lanard Toys Ltd. v. Toys "R" Us-Delaware, Inc.*, No. 3:15-cv-849-J-34PDB, 2017 WL 5256870, at *3-6 (M.D. Fla. Nov. 13, 2017) (concluding the same).

## CONCLUSION

For the reasons stated above, the defendants respectfully request the Court to deny Relator's Motion.

Dated: September 6, 2024                     Respectfully submitted

                                             By: */s/ David Genender*

    David Michael Genender (Texas Bar No. 00790757)
    McDermott Will & Emery LLP
    2501 North Harwood St.
    Suite 1900
    Dallas, TX 75201
    Tel.: 214-210-2804
    Fax: 972-232-3098
    dgenender@mwe.com

    Alexander Kritikos (Texas Bar No. 24133598)
    McDermott Will & Emery LLP
    845 Texas Avenue, Suite 4000
    Houston, TX 77002-1656
    Tel.:  +1 713 653 1700
    Fax: +1 713 739 7592
    akritikos@mwe.com

    Mark W. Pearlstein
    (admitted pro hac vice)
    McDermott Will & Emery LLP
    200 Clarendon Street, Floor 58
    Boston, Massachusetts 02116
    (617) 535-4000
    mpearlstein@mwe.com

    *Attorneys for Defendants*
    *Steward Health Care System LLC;*
    *Steward Health Care Holdings LLC;*
    *Steward Health Care Investors, LLC;*
    *Steward Physician Contracting, Inc.;*
    *Steward Melbourne Hospital, Inc. d/b/a*
    *Melbourne Regional Medical Center;*
    *Steward Rockledge Hospital, Inc. d/b/a*
    *Rockledge Regional Medical Center; and*
    *Sebastian River Hospital, Inc. d/b/a*
    *Sebastian River Medical Center*

By:*/s/ Thomas G. Yoxall*

Thomas G. Yoxall
Tyoxall@lockelord.com
Nicholas S. Graber
Nick.graber@lockelord.com
LOCKE LORD LLP
2200 Ross Avenue
Suite 2800
Dallas, TX 75201

Howard M. Cooper
hcooper@toddweld.com
Seth J. Robbins
srobbins@toddweld.com
Keval D. Kapadia
kkapadia@toddweld.com
TODD & WELD LLP
One Federal Street, 27th Floor
Boston, MA 02110

*Attorneys for Defendants*
*Joshua Putter, Daniel Knell, and Timothy Crowley*

By: */s/ William Thompson*

William Thompson (Texas SBN 24094981)
3100 McKinnon St, Suite 1125
Dallas, TX 75201
(469) 902-3600
willthompson@quinnemanuel.com

Anthony Bongiorno (admitted pro hac vice)
111 Huntington Avenue, Suite 5200
Boston, MA 02199
(617) 712-7100
anthonybongiorno@quinnemanuel.com

William D. Weinreb (admitted pro hac vice)
111 Huntington Avenue, Suite 5200
Boston, MA 02199

9

        (617) 712-7100
billweinreb@quinnemanuel.com

*Attorney for Defendants*
*Michael Callum and Ralph De La Torre*
*(substitution motion pending)*


By: */s/ Gene Besen*

Gene R. Besen
Bradley Arant Boult Cummings LLP
1445 Ross Avenue Suite 3600
Dallas, TX 75202
Tel.: 214-257-9758
Fax: 214-939-8787
gbesen@bradley.com

Christopher Burkhalter
Bradley Arant Boult Cummings LLP
One Federal Plaza
1819 Fifth Avenue North
Birmingham, AL 35203
Tel.: 205-521-8967
Fax: 205-521-8800
cburkhalter@bradley.com

*Attorneys for Defendant*
*James Renna*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 6th day of September 2024, a true and correct copy of the foregoing Motion was served via the Court's electronic case filing system (CM/ECF) to all parties registered to receive such notice in the above-captioned case.

*/s/ David Genender*

David Genender